## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:23-cv-00899-RJC
## (3:06-cr-00364-RJC-1)

| | | |
|---|---|---|
| MARTINEZ ORLANDIS BLACK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| BILLY COOPER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's "Objections to the Recommendation of the U.S. Magistrate Judge and Request of a Certificate of Appealability." [Doc. 17].

## I.    FACTUAL BACKGROUND

Petitioner Martinez Orlandis Black ("Petitioner") is currently incarcerated at Central Prison in Raleigh, North Carolina, serving a sentence on a February 2008 state conviction for second-degree rape.[1]    Petitioner has completed his state-court sentence of 130 to 165 months' imprisonment for convictions of manslaughter and possession of a firearm by a felon/habitual felon of the same date.  [Doc. 1 at 1; Civil Case No. 3:20-cv-116-RJC, Doc. 1-1 at 4].  While these state charges were pending, Petitioner was transferred to the custody of this Court pursuant to a writ of habeas corpus ad prosequendum, where he subsequently entered a guilty plea to possession of a firearm by a convicted felon.  [Criminal Case No. 3:06-cr-364 ("CR"), Docs. 4, 14, 16].  On August 28, 2007, this Court sentenced Petitioner to a term of imprisonment of 120 months and ordered that Petitioner pay $5,278.44 in restitution for the cost of the victim's funeral.  [CR Doc. 18; see

---

[1] North Carolina Department of Adult Correction Offender Public Information website.

CR Doc. 1 at 2]. Petitioner did not timely appeal.

In 2009, Petitioner filed a pro se motion to vacate under 28 U.S.C. § 2255, which the Court dismissed with prejudice as time barred. [Civil Case 3:09-cv-121-RJC, Docs. 1, 2]. Over 13 years later, in November 2022, Petitioner filed a notice of appeal from the order dismissing his motion to vacate. [CR Doc. 33]. The Fourth Circuit dismissed the appeal as untimely. United States v. Black, 2023 WL 2583967 (4th Cir. Mar. 21, 2023).

On March 21, 2023, Petitioner filed another motion to vacate pursuant to 28 U.S.C. § 2255 in which he sought relief under § 2255 and/or § 2241 on grounds unrelated to the pending petition. [Civil Case No. 3:23-cv-183-RJC, Docs. 1, 2]. On April 19, 2023, Petitioner filed a Notice of Appeal from his original, underlying 2007 criminal judgment, prompting this Court to stay Case No. 3:23-cv-183-RJC. [CR Doc. 42; Case No. 3:23-cv-183, Doc. 4]. On appeal, Petitioner filed an Anders brief, but queried whether he was prejudiced by this Court's "Rehaif[2] error." United States v. Black, No. 23-4280, 2023 WL 8108930, at *1 (4th Cir. Nov. 22, 2023). On November 22, 2023, the Fourth Circuit dismissed Petitioner's appeal as untimely, id., and this Court granted Petitioner leave to file an amended motion to vacate and ordered the Government to respond, [Case No. 3:23-cv-183, Docs. 4, 7]. On May 8, 2024, the Court denied and dismissed that motion on the merits. [Id., Doc. 15].

On July 27, 2023, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of North Carolina and subsequently moved to amend that petition. [Civil Case No. 5:23-HC-2171-BO, Docs. 1, 6]. On December 21,

---

[2] In Rehaif v. United States, 139 S. Ct. 2191 (2019), the Supreme Court "conclude[d] that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

2023, District Judge Terrence W. Boyle ordered that the matter be transferred to this Court, noting that Petitioner is currently serving a state sentence imposed in Mecklenburg County, North Carolina, which is in this District. [Id., Doc. 10].

As grounds for his petition, Petitioner argued that the restitution order was "illegal" because "you cannot order victim restitution for possession of a firearm by felon due to the elements of possession of firearm which dictates how restitution can be given." [Doc. 1 at 6]. Petitioner acknowledged not having appealed this issue. [Id. at 7]. For relief, Petitioner asked that this "illegal restitution" be removed or that he be resentenced without the restitution. [Id. at 7]. In his motion to amend, Petitioner moved to amend his § 2241 petition to add a claim that his conviction was unlawful because "[t]he law changed the 'Essential Elements' of the offense of 922g in 2019…." [Doc. 6-1 at 1]. Petitioner argued that "[t]he element of [him] 'knowing' of [his] status under this new law would have burdened the prosecution because [he] did not know [he] was violating federal law while 'legally' possessing a firearm in [his] home[.]" [Id.]. Petitioner asked that his federal conviction be vacated so that he could be "reindicted under the proper elements of [his] offense" and proceed to trial.[3] [Id.].

On January 8, 2024, Petitioner filed an Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in which he again challenged the restitution order, raised Rehaif error, and purported to add two claims complaining about jail credits.[4] [Doc. 13 at 6-7]. On January 18, 2024, the Court granted Petitioner's motion to amend and construed his Rehaif claim as a motion to vacate under § 2255, noting that Petitioner failed to show he was entitled to proceed under § 2241 through § 2255(e)'s savings clause. [Doc. 15 at 4, n.4 (citing In re Jones, 226 F.3d 328 (4th

---

[3] Petitioner acknowledged that this issue was raised in his now dismissed appeal. [See Doc. 6-1].

[4] The Court declined to address these "new" jail credit claims, as Petitioner had repeatedly raised them in previous petitions before this and other Courts. [Doc. 15 at 4, n.5 (citations omitted)].

Cir. 2000))]. The Court denied Petitioner's restitution challenge as improper under § 2241, not cognizable under § 2255, and barred for his failure to raise it on direct appeal. [Id. at 4-6]. The Court denied Petitioner's Rehaif challenge because Petitioner's motion was an unauthorized successive motion under § 2255 and he had not obtained authorization therefore from the Fourth Circuit. [Id. at 6]. The Court also noted that the claim appeared untimely and meritless in any event. [Id.].

On February 2, 2024, Petitioner filed the pending "Objections to the Recommendation of the U.S. Magistrate Judge and Request of a Certificate of Appealability," in which he purports to object to "all of the findings and Recommendations Entered by the Magistrate Judge that are unfavorable to the Petitioner" and requests a certificate of appealability. [Doc. 17]. Petitioner purports to object to the Court's conclusion that he did not satisfy the savings clause of § 2255(e) because "a Rehaif Claim is a new rule that applies retroactively to this claim" and to the Court's denial of his restitution challenge. [Id. at 2]. Petitioner sets forth several putative grounds for a certificate of appealability. [Id. at 3-5]. Petitioner also asks the Court to appoint counsel to represent him "in further proceedings." [Id. at 1].

Two days after filing the pending motion, Petitioner filed a Notice of Appeal from the Court's Order denying his petition. [Doc. 18]. On June 18, 2024, the Fourth Circuit, with the instant motion still pending, affirmed the Court's Order. Black v. Cooper, No. 24-6111, 2024 WL 3042393 (4th Cir. Jun. 18, 2024).

## II.   ANALYSIS

The Court will deny Plaintiff's motion. To begin, the undersigned, not a Magistrate Judge, entered the subject Order. As such, Petitioner's objections are improper and ineffectual.[5]

---

[5] To the extent Petitioner's objections may be considered a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, he has failed to show he is entitled to such relief. See Fed. R. Civ. P. 59(e); Hill v.

Although it appears moot, the Court will address Petitioner's request for a certificate of appealability. As grounds, Petitioner argues that (1) his due process rights were violated because Rehaif introduced a new rule that applies retroactively; (2) he was not informed of the elements of his offense at his Rule 11 hearing; (3) he is innocent of his offense of conviction because he did not know he was prohibited from possessing a firearm at the time he possessed it; (4) his Indictment was "Multiplict [*sic*] & Duplicative," violating double jeopardy and due process, because he was charged "on four different counts for 'one firearm;'" and (5) the Court committed "a 'structural error' by accepting [his] plea that was not made in [his] own choice." [Doc. 17 at 3-5].

To be granted a certificate of appealability, Petitioner must make a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Where a petition has been dismissed on procedural grounds, a petitioner must demonstrate both that the court's dispositive procedural rulings are debatable, and that the motion to vacate states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. Here, Petitioner does nothing more than restate grounds for relief over which this Court had no jurisdiction[6] and purport to raise new claims not the subject of the Court's Order denying and dismissing his petition. He, therefore, failed to make the requisite showing and the Court will deny his request for a certificate of appealability.

---

Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (setting forth the "very narrow circumstances" under which a court may grant a Rule 59(e) motion and noting they "may not be used to make arguments that could have been made before the judgment was entered").

[6] To be sure, even if Petitioner had sought authorization from the Fourth Circuit to file a second or successive § 2255, it would have been denied. See In re McNeill, 68 F.4th 195 (4th Cir. 2023) (holding that because Rehaif did not announce a constitutional rule the petitioner could not satisfy 28 U.S.C. § 2255(h)(2)'s gatekeeping requirements).

## III.    CONCLUSION

For the reasons stated herein, the Court denies Petitioner's pending motion.

## **ORDER**

**IT IS THEREFORE ORDERED** that Petitioner's "Objections to the Recommendation of the U.S. Magistrate Judge and Request of a Certificate of Appealability" [Doc. 17] is **DENIED**.

**IT IS SO ORDERED.**
Signed: September 24, 2024

Robert J. Conrad, Jr.
United States District Judge

6